GEORGE AXFORD, PLAINTIFF IN ERROR, v. ISECHAR B. MEEKS, DEFENDANT IN ERROR.

Extrinsic evidence may be resorted to for the purpose of explaining an ambiguity which is not apparent on the face of a written instrument, but which arises from circumstances the existence of which is not disclosed by the instrument.

On error to the Camden Circuit Court.

For the plaintiff in error, *Henry S. Scovel.*

For the defendant in error, *George M. Bacon.*

The opinion of the court was delivered by

GUMMERE, J. Meeks, the defendant in error, was the owner of certain real estate, located at Riverside, New Jersey, where he carried on the business of a saloon keeper. In May, 1895, he entered into the following written agreement with Axford, viz.: "I will give George Axford one hundred dollars if he sends me a party to buy my place at Riverside, Burlington county, New Jersey." The price at which the place was to be sold was $1,500.

The plaintiff in error, for the purpose of entitling himself to the commissions promised him by Meeks, advertised the sale of his place in a number of newspapers, and sent several prospective purchasers to him, without result. Finally he sent one Bernd to look at the place, and he, after doing so, entered into an agreement with Meeks, by virtue of which he became the purchaser of the latter's saloon business at Riverside, together with the good will and fixtures, for the sum of $1,450. When the sale was consummated, Meeks paid to Axford $10 on account of his contract, but subsequently refused to pay him the remaining $90, and this suit is brought for its recovery.

On the trial of the cause at Circuit these facts were proved by the plaintiff, who also testified that he did not have the

defendant's real estate for sale, and rested his case.   There-
upon, a motion to nonsuit the plaintiff was made, based upon
the ground that the words " my place at Riverside," contained
in the agreement between these parties must be construed as
referring to the defendant's real estate at Riverside, and that
as the plaintiff had procured a purchaser merely for the
defendant's saloon business, good will and fixtures, and not
for his realty, he was not entitled to receive the commissions
contracted for.   The trial judge accepted this view of the
meaning of the contract, considering that the word " place"
was synonymous with " real estate," and directed a nonsuit
to be entered.

In this we think there was error.   Although the word
" place," when used in the connection in which it appears in
this agreement, usually imports real property, yet it does not
necessarily do so.   It is susceptible of various meanings.   If
Meeks had been the owner of the real estate in which the
business was carried on, but not of the business itself, the
expression used by him, " my place at Riverside," would
clearly have indicated the realty which he owned.   On the
other hand, if the land had been the property of another, but
the saloon business, with its good will and fixtures, had be-
longed to Meeks, then " my place at Riverside" would have
been an apt expression to describe his saloon and fixtures.
The fact that he owned both the business and the property
in which it was carried on, makes the meaning of the words
used uncertain.   It is permissible, therefore, to resort to
extrinsic evidence for the purpose of ascertaining the subject-
matter to which the contract between these parties applies.
*Jackson* v. *Perrine*, 6 *Vroom* 137 ; *Smith* v. *Doe, dem. Jer-*
*sey*, 2 *Brod. & Bing.* 553 ; *Bradley* v. *Washington, &c., Co.*,
13 *Pet.* 89 ; 2 *Phil. Ev. (5th Am. ed.)* \*711.   By doing so
it is made manifest that what the plaintiff was to obtain a
purchaser for was not the real estate of the defendant, but his
saloon business, good will and fixtures.   This was what was
sold by the defendant to the purchaser whom the plaintiff
procured, and it was for procuring a purchaser for the busi-

ness, with its good will and fixtures, that the defendant paid the plaintiff $10 on account of his contract with him.

On the evidence, as it stood when the plaintiff rested his case, he was entitled to a verdict. The judgment of nonsuit was, therefore, improperly directed, and should be set aside.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 13.